May it please the court, my name is Dan Goldberg and I represent Chauncey Brockman in this appeal. The government improperly withheld its motion for a third level reduction under 3E1.1b because no interest is identified in that subsection. It is served by withholding that motion merely because the government must prepare for a sentencing hearing. I think the government's argument for affirmance has two pitfalls that illustrates why this matter must be reversed and remanded. The first pitfall is that it doesn't address that Mr. Brockman received a two level reduction under 3E1.1a for quote clearly demonstrating acceptance of responsibility. And I think the government makes a lot of, frankly, new arguments on appeal that Mr. Brockman's motions and objections were frivolous. Not only did they not make those arguments below, I think those, had they, they would have been rejected based on the district court's findings. But I think the second fallacy maybe is the more important one. It fails to ignore amendment 775 and how it's changed how this court must interpret that guidelines. And I think the government's argument for affirmance is very straightforward that their motive in refusing to fail the motion was not unconstitutional and therefore they win. The law is not so simple after amendment 775 and that states in relevant part that quote the government should not withhold such a motion based on interest not identified in 3E1.1 such as whether the defendant agrees to waive his or her right to appeal. Counsel, so what interests are identified in section 3E1.1? Yes, your honor. I think what the government relies heavily on is its efficiency interests and that Mr. Brockman caused them inefficiency and that's the reason why they withheld their motion. So I think that's an astute observation but I think for two reasons it doesn't carry the day for them. One, I don't think Mr. Brockman caused any inefficiency for the government or that this court found any efficiency. Here the prosecution of Mr. Brockman was extremely efficient. He pled guilty within three months of being charged. Did he try to withdraw the guilty plea? I think he did, your honor. I think he did. Does that matter? I mean that seems to put the government right back in the posture of having to be put to all of its proof. Well, I don't think he got very far on that and I think what the district court found was that that was taxing to his defense counsel but that's not a relevant consideration under the guidelines. It wasn't taxing to the government. They didn't have to try the case and frankly I don't think they really had to respond to that motion. There were objections to the PSR, no doubt about it, and the government points to the fact that they had to get some exhibits together and prepare two witnesses for a sentencing hearing who didn't testify and the sentencing hearing ultimately was less than 60 minutes. So again, I don't think this is an efficient use of time but let's just say for argument's sake this court thinks that there was a record of inefficiency. I still don't think that's a basis to carry the day here and that's because I think that the guideline is clear that the government's efficiency interest is subordinate to other interests. Let me go back to the appellate waiver context. Let's say in this case the government would have said hey we're not following that third level reduction motion because Mr. Brockman wouldn't waive his appellate waiver rights. I think that would no doubt be a basis for reversal because I think the language of the guidelines is clear. But here you had the contested sentencing on the four level enhancement and clearly if the it would make sense to allow someone to contest what they believe would be an improper enhancement but it does seem to create a situation in which the government has to go to efforts that it would not have had the plea agreement been completely accepted. I think you nailed the exact issue and framed it up perfectly. He did make that four level in connection objection and our argument is that making those types of objections are squarely within that right protected by amendment 775 that defendants should be able to lodge objections to the PSR and not feel like that that should have a chilling effect on their rights. Does the merits of that and I know there's language about determining that it was frivolous. There's no determination here that I recall that that his objection was frivolous but factually how is he going to win with the gun falling out there at the scene with the narcotics. I mean it just seemed so the merits seem quite small. Right I think that you know and that's an issue too and we raised that well briefed and I don't want to get too into the weeds of that issue but I think there is a basis to make that argument and it was solely a legal objection right. It wasn't a factual objection which caused a mini trial like in the Jordan case and so there in Jordan you have the government having to go to a sentencing hearing that lasted two different days. They had to call six different witnesses. That's just not this case and I don't think the government even argues that this is a contested sentencing hearing as that term is used in Jordan. I think that's an important distinction here because I think defendants should be able to make objections to the PSR and frankly that they should be encouraged to otherwise this court's going to have to look at a lot of plein air right because people are going to be afraid to make objections. Is it colorable? Is it good enough? I don't know and I think the court should encourage objections and especially when I don't think it causes an inefficiency here. But we would be expanding the concept of whereas prior to the amendment it the government could rely on anything that wasn't unconstitutional essentially. And the clear example we have under the new rubric is having to do with what's the word? Oh, if the person was trying to change their plea or do something that was really going to put the government to proof. But I'm just not sure this is an expansion that is called for by the amendment. Can you help me understand why this fits what 775 actually says? Yes, your honor. I think going back to the efficiency example and causing inefficiency. Appeals are horribly inefficient for the government, right? They have to spend a lot of time drafting briefs. They have to spend time traveling here to do oral argument. And the sentencing commission has said that its efficiency interest, the government's efficiency interest, is subordinate to that right to appeal. And that you can't make the right to get that third level reduction contingent solely on the efficiency. So again here I think this is really a out of bounds or out of ordinary. The government had to prepare two witnesses. Neither had to testify. They had to get some photographs together for a sentencing hearing. This is not taxing for the government. This is what they're supposed to do. And frankly, any sentencing hearing. So I think my concern is that a holding of this court that in this kind of context the government has the right based on amendment 775 is that you're going to have an enormous chilling effect. Well, what are we to make of the district court statement? Quite frankly, I think the record will support not giving any reduction for acceptance of responsibility, but I'm going to give them the two-point reduction. What does that tell us? I don't think it tells you much and let me explain why. I think once the district court has made the finding and conclusion that he's clearly demonstrated acceptance responsibility, I mean, and he stood by that by giving the two-level reduction, he can't have all things all ways. Were there some intangibles taken into account by the district court? And if so, why not? How do we know your client's body language, his defiant attitude? Sort of like the kid that says, okay, I'll eat my broccoli. Right. I think that's a valid point. District court somehow impervious to taking those permitted, precluded from taking that into account. The attitude is expressed through body language, visuals, crews, sneers. Your client doesn't have much to commend himself on anything, does he? Well, your Honor, fair enough. I mean, I think he was- Why are we even bothering with this? Well, I guess we have argument. That's why we're bothering. In other words, your sole legal point is what the district court failed to do what? Well, I think what it failed to do was to acknowledge that based on its finding that he clearly accepted responsibility, which- So it's inconsistent for him to say, I probably shouldn't have given him the two points, but I've done it. I'm bound. Ball game's over. Right. He could have withdrawn that two-level, absolutely would have been free and there's a tension and it's a point in the sentencing hearing. He questioned whether or not he had the authority to order the government to file that third-level reduction. He absolutely does. There's just no doubt about it. And if- If the district court has the power to do what? Was barred from filing to order the government to file the third level, right? That in the appropriate context, let's say the appellate waiver context. Let's say the district court, it would have been said to the district court, hey, we're not filing it because Mr. Brockman refused to waive his right to appeal. I think the district court would be compelled to order the government to file it. And so I think we fall within that rubric and under that protection. I see I've used all my time and hopefully could get maybe an extra minute for rebuttal. Thank you. Thank you, Mr. Goldberg. Ms. Morgan. May it please the court. My name is Emily Morgan. I represent the United States in this case and I did throughout the pendency of the case, including at the sentencing hearing. The government's position is we asked the court to affirm the district court with regard to the withholding of the third point for acceptance of responsibility. As we pointed out in our brief, it was not based on an unconstitutional motive. As we pointed to the case law in Jordan and in Gay, it was based upon the frivolous objections to the PSR that the court has pointed to. Well, did the court make a finding that the objection was frivolous? The court did not. But as Judge Wolin pointed to, the court did make the statement that quite frankly, the record would be supported if the had to prepare for a contested sentencing hearing. But one point that hasn't been brought up, one factual piece of evidence that was included in the PSR and not objected to by the appellant, was the fact that he had given a statement right after he was arrested. And in that statement, he admitted that on a regular basis, he was purchasing roughly five ounces of marijuana, using about half of it and distributing the other half of it. At the time he was apprehended, the defendant admitted that he had roughly four to five ounces consistent with what he would and what he would then use and distribute. So that is one of the bases for the objection being frivolous, is we have that admission. We have no objection to that admission. There were photographs that did have to be taken. Initially, the defendant factually objected to the fact that he had 42 bags of marijuana, two in his front left pocket that were of a bit larger size, I believe it was about 2.5 grams, and then 40 individual baggies in his duffel bag. So initially, he was factually objecting to that, even though he gave a statement that he did admit to that. The facts were clear that this defendant was apprehended in public with the gun in his sweatshirt pocket and the marijuana in his pocket and in the duffel bag, so within, on his person. Essentially the same location, close proximity, not all in the same pocket, but very close together. The case law and Jordan and Bothgay point to the fact that the amendment to 3E1.1, it only includes an example, that being the government withholding the third point for the example of not agreeing to an appellate waiver. Jordan also does the analysis and addresses the fact that if the United States Sentencing Commission wished, they could have included the interest of contested sentencing hearings, and so that's addressed in that opinion and the commission decided not to include that as a basis to exclude the third point, so. Counsel, does United States v. Gay add anything to the analysis that wasn't already there in Jordan? I don't recall offhand. That's fine. Let me ask another question. What are the parameters of an unconstitutional motive? An example is a protected class or race or religion, something of that nature, and in this instance it was nothing of that factor. It was the fact that the appellant had made these frivolous objections and to facts that he had previously admitted to, and while we didn't at the actual hearing have to put on the witnesses or all of the exhibits, it was not until that that day, minutes, or within the hearing that we knew we would not have to. I had two witnesses ready prepared. I had filed the witness and exhibit lists. I had, you know, multiple exhibits ready to go. The one other fact that we haven't addressed here today is it wasn't just photographs. It wasn't just the statement, but also these misdemeanor prior convictions. There were four misdemeanor prior convictions that the defendant was contesting, and just based on practicality, misdemeanor convictions are more difficult to obtain than felony convictions. They're often archived, as they were in this case, and I personally had to make multiple requests to get those. We were pushing the limit of time of how close we were to the sentencing hearing. It was this time roughly last year during the holidays that I was trying to obtain these and having problems getting them. These are convictions that the probation office goes through with the and they go through them. They're not certified copies. We then have to obtain them, so that was another contested issue, frivolous objection that the government had to respond. Was that part of his counsel's defense, or was that in pro se motions? No, that was counsel's objection to the PSR. So, getting back to the burden and, you know, case law says that the defendant's not entitled to credit for acceptance of responsibility as a matter of right. That was the Torres-Rivas case. It's the burden on the defendant to prove his entitlement to the reduction, and the court can also look to the defendant's conduct following the guilty plea, which includes the pro se motions. There were three pro se motions that were filed that, again, are inconsistent with acceptance of responsibility. So, we acknowledge that this was not a trial, but it also was not an efficient process, especially when these are clearly factors, true, relevant conduct that the defendant is aware of and has previously admitted to, including, you know, the statement about the drugs and the gun, and also his prior convictions that he admitted to and was serving a two-year term of probation. So, there were four total separate objections. I've addressed the, there was the general objection, as the court pointed out, to the four-level enhancement, and we believe the evidence was clear that the firearm was possessed in connection with another felony, that being possession with intent to distribute marijuana. The second objection was that the defendant did not possess 40 clear baggies. It was actually 42, and that's the term brief. The third objection was to paragraphs 30 through 33, the prior convictions, and again, and in the sentencing hearing transcript, we admitted those priors, and we read them into the record for the court, the identifiers, and then the fourth objection was to paragraphs 35 and 36 of the PSR, the appellant stating he was not serving a sentence at the time he committed the offense, and that was, again, pointed out to the district court at the sentencing hearing through the transcript. The government read the portion of the certified prior that addressed that. If there are no additional questions, I will yield the remainder of my time. All right. Thank you. Thank you, Ms. Morgan. Counsel will give you a minute. You can use it. I want to go to the government's pointing to the prior convictions and having to obtain prior convictions being an inefficient use of time. I think we object all the time in the context of armed career criminal enhancements, and we want to put the government to its proof, right, because that's a huge significant difference to go from a 10-year maximum to a 15-year minimum, and if the government can't make that proof, then it changes everything, and so the idea that having to go get paper records is a basis to refrain from filing that motion, I think it has a chilling effect. Going back just very briefly to the in-connection, I think there was a colorable basis to make that objection. Again, it's a legal ruling, and what didn't cause a mini-trial, and so for all these reasons, I respectfully submit it should be reversed and remanded. Two points I shouldn't have said before that make the observation that your client doesn't have much to commend himself. We're not moral judgments. His life may not, but he's judged on what he did in this case, not before, and secondly, just quickly looking back at the sentencing transcript, he's a very knowledgeable person, almost was lecturing to the judge, which might not be a very wise tactical decision, but I know you're shaking your head. I absolutely agree, your honor. I think the district court acknowledged that and said, hey, this gentleman is just confused. We should never pass judgment on people. District courts do that, and the law doesn't, but anyway, interesting argument. Thank you for your time. Thank you, Mr. Goldberg. Thank you also, Ms. Morgan. We appreciate both of your participation and argument this morning, helping the court with resolving the very important issues in this case. Thank you, and your case is now under submission.